GEORGE NAGLE, JR., Respondent, v. AUGUST F. WAGNER and ANTHONY DALBORE, Defendants, and MARIE A. WAGNER, Appellant.— Order denying motion of defendant Marie A. Wagner to set aside sale affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

WALTER V. O'BRIEN, Appellant, v. ANNA E. O'BRIEN, Respondent.— Order reversed upon the law and the facts, without costs, and motion to modify final judgment denied, without costs, without prejudice to a renewal upon compliance with section 1170 of the Civil Practice Act and the furnishing of a detailed statement of the facts which, defendant claims, make her visits to the children at plaintiff's home annoying and unpleasant. The leave of the court to make an application to modify final judgment in an action for divorce or separation is essential under section 1170 of the Civil Practice Act.* The statements made by defendant with reference to the annoyance to which she is put upon her visits to her children are too vague and general upon which to predicate the relief granted. While the notice of motion does not show that defendant sought the relief granted, her affidavits cover this phase of the case and give sufficient notice to plaintiff. Furthermore, a public railroad depot is not an appropriate place for children of such tender age to visit with defendant. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

MORRIS POMERANTZ, Suing on Behalf of Himself and All Other Stockholders of NAOMI REALTY CORPORATION, Respondent, v. NAOMI REALTY CORPORATION, Defendant, and JACOB KURTZ, Appellant.— Order denying motion to vacate or modify notice of examination before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted to the extent of eliminating the 20th item of the notice. Examination to proceed on five day's notice at place and hour stated in the order. The item in question requires an examination as to the amount of money collected as rent by appellant, Kurtz, and the disbursements therefrom. Such an examination would involve an accounting, which should not be allowed. (*De Rapalie* v. *Gavin*, 209 App. Div. 883; *Slaughter* v. *Turkel*, 146 id. 620.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

---

* Amd. by Laws of 1925, chap. 240.— [REP.